UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NEOCOIL LLC,

        Plaintiff,

v.                                                  Case No. 17-cv-548-pp

ESTONE GROUP, LLC,
ESTONE TECHNOLOGY INC.,
ESTONE TECHNOLOGY INCORPORATED
d/b/a HABEY USA,
BING LI, AND QUN ROESSLE,

        Defendants.

---

**ORDER GRANTING JOINT MOTION FOR ENTRY OF THE STIPULATED PERMANENT INJUNCTION AND REQUEST FOR STAY (DKT. NO. 47), APPROVING THE STIPULATED PERMANENT INJUNCTION (DKT. NO. 47-1), STAYING AND CLOSING THE CASE FOR ADMINISTRATIVE PURPOSES, AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS (DKT. NO. 42)**

---

On March 27, 2017, Waukesha County Circuit Judge Kathryn Foster entered a temporary restraining order in favor of the plaintiff and against the defendants. See Dkt. No. 11 at 2. After the defendants removed the case to federal court (dkt. no. 1), this court continued the temporary restraining order pending its ruling on the plaintiff's motion for preliminary injunction. Dkt. Nos. 18, 19. On July 31, 2017, the court held a hearing on a number of pending motions, and the parties subsequently filed a joint motion asking the court to enter a stipulated permanent injunction order, and to stay the litigation through February 28, 2018. Dkt. No. 47.

1

The court **GRANTS** the joint motion for entry of the stipulated permanent injunction and request for stay. Dkt. No. 47. The **APPROVES** the stipulated permanent injunction order, dkt. no. 47-1, and **DENIES WITHOUT PREJUDICE** plaintiff's motion to dismiss counterclaims, dkt. no. 42.

Rather than staying the litigation until February 28, 2018, the court **ORDERS** that the clerk's office **CLOSE** the case for administrative purposes. At any time prior to February 28, 2018, a party may file a motion asking the court to reopen the case. If the court receives the appropriate documents, the court will convert the administrative closure to a dismissal with prejudice.

The court **ORDERS** as follows:

1. The term "NeoCoil" means and includes NeoCoil, LLC, and its past, present, and future predecessors, successors, assigns, parents, subsidiaries, employees, partners, shareholders, officers, directors, agents, heirs, executors, administrators, attorneys and representatives.

2. The term "Habey Related Entities and Affiliates" means Estone Group, Estone Technology, Habey USA, Bing Li, Qun Roessle, Shenzhen Norco Intelligent Technology Co., Ltd., NORCO Intelligent Technology Inc., and any other person or entity, including any corporation, company, joint venture, partnership, firm, limited liability company, or subsidiary, formerly, now, or hereafter controlled by, controlling, or under common control with any of the aforementioned entities and individuals.

3. The term "Product" or "MRI Compatible Tablets" means the base design of Habey's T97 tablet (the "Base Design") as changed or modified based

on: (i) the specifications set forth in the May 31, 2016 MRI Tablet Development Agreement; or (ii) changes or modifications made in writing by NeoCoil to such specifications. The term "Product" includes all Engineering Verification Test ("EVT") sample tablets, all Design Verification Test ("DVT") sample tablets, and any and all other MRI compatible tablets or MRI safe tablets, excluding the T97 Base Tablet.

    4.    The Habey Related Entities and Affiliates are prohibited from:

        i.    Manufacturing, developing, assembling, distributing, using, promoting, advertising, and selling any products, and any other materials or information, relating to MRI Compatible Tablets;

        ii.    Using or disclosing any Confidential Information or trade secrets as defined in the May 31, 2016 MRI Tablet Development Agreement;

        iii.    Posting any MRI Compatible Tablets and information relating to MRI Compatible Tablets, on any website of any Habey Related Entities and Affiliates, including but not limited to http://estone-tech.com, http://www.habeyusa.com/, and http://www.norco-group.com/; and

        iv.    Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (i), (ii), and (iii) above.

    5.    The Habey Related Entities and Affiliates shall:

  i. Return to NeoCoil the items and things attached to the Stipulation as Exhibit A (dkt. no. 47-1) before November 30, 2017.

  ii. Disclose to NeoCoil all third-parties with whom any Habey Related Entities and Affiliates have communicated with regarding the sale, offering for sale, or availability of the Product or any MRI Compatible Tablets before November 30, 2017.

 6. If the Habey Related Entities and Affiliates do not fulfill their obligations under the Parties' Settlement Agreement, the Habey Related Entities shall not oppose any motion or other effort by NeoCoil to reopen the case and resume litigation.

 7. If NeoCoil does not satisfy its payment obligations under the Parties' Settlement Agreement, then NeoCoil shall not oppose any motion or other effort by the Habey Related Entities and Affiliates to reopen the case and resume litigation.

 Dated in Milwaukee, Wisconsin this 24th day of October, 2017.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**